UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSHUA WINDHEIM,

Plaintiff,

vs.

Case No.
6:26-cv-389-CEM-RMN

JARALEA WORLD, LLC,

Defendant.

## REPORT AND RECOMMENDATION

This matter is before the Court without oral argument on the parties' Renewed Joint Motion for Court Approval of Settlement (Dkt. 28), filed May 5, 2026. Upon consideration, I recommend the Court grant the Motion.

## I.   BACKGROUND

On February 18, 2026, Plaintiff filed this case pursuant to the Fair Labor Standards Act ("FLSA") and related Florida state laws. Dkt. 1. Plaintiff alleges that Defendant failed to pay Plaintiff minimum wage, failed to provide Plaintiff with notice of intent to rely on a tip credit, and required Plaintiff to share tips with ineligible recipients in violation of the FLSA. *Id.*

On April 23, 2026, the parties filed their first joint motion to approve the settlement terms, Dkt. 23, which was denied without prejudice, Dkt. 26. On May 5, the parties filed the instant motion seeking approval of the settlement terms. Dkt. 28. Under the terms of the proposed settlement agreement ("Agreement"), Plaintiff will receive $750.00 for total unpaid wages, and $750.00 in liquidated damages. Dkt. 28-1 at 1–2. Plaintiff's counsel will receive $1,500.00 for attorney's fees and costs. *Id.* at 2. The parties ask the Court to approve the FLSA Agreement and dismiss the case with prejudice. Dkt. 28. The matter has been referred to me for a report and recommendation.

## II.  LEGAL STANDARD

An FLSA settlement may become final and enforceable only where the Secretary of Labor supervises the settlement or, where the employee brings a private action, by a stipulated judgment entered by the district court after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. U.S. Dep't of Lab.*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). To do this, a court considers:

> (1) the existence of fraud or collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of [Plaintiff's] success on the merits;

(5)  the range of possible recovery; and

(6)  the opinions of . . . counsel[.]

*Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). Courts should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

Courts must also scrutinize settlements to determine if a plaintiff's FLSA claims will be compromised by the deduction of attorney's fees, costs, or expenses. *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009) (per curiam). When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery. A potential conflict can therefore arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs. It is the Court's responsibility to ensure that any such allocation is reasonable. *See id.* One method of doing so is to use the lodestar method as a guide. In such a case, any compensation

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.

for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award. Alternatively, where the matter of attorney's fees is addressed by the parties "independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id.* (emphasis added).

## III.  ANALYSIS

### A.    The proposed settlement is fair and reasonable.

*Lynn's Food Stores* requires a court to determine whether a plaintiff's compromise of his claims is fair and reasonable. 679 F.2d at 1354–55.

I find no fraud or collusion behind the settlement. The case involves disputed issues regarding FLSA liability, which constitutes a bona fide dispute. Dkt. 28 at 7. The parties settled their dispute after receiving sufficient information to make informed decisions. *Id.* The agreement was reached after negotiation by represented parties in good faith to resolve an uncertain case. *Id.* Considering the foregoing, and the strong presumption favoring settlement, even though Plaintiff compromised the amount of the original claims, I conclude the settlement amount is fair and reasonable. I therefore recommend that the Court find the consideration being paid to Plaintiff to resolve the FLSA claim is fair and reasonable.

### B.    The award of attorney's fees and costs is reasonable.

Turning to the reasonableness of the attorney's fees and costs, in the amount of $1,500.00, the parties represent that they were negotiated separately from Plaintiffs' recovery. Dkt. 28 at 10. I find that the fee amount is reasonable, and that the parties' representation adequately establishes that the issue of attorney's fees and costs was agreed upon

separately and without regard to the amounts paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228.

The fee award is reasonable under a lodestar analysis as well. Counsel represents that his billable rate is $395.00 an hour, Dkt. 25 at 1, which the Court finds reasonable in view of the rates typically charged in this district for attorneys with similar experience. Counsel also represents that he performed 2.86 hours of work on this matter, Dkt. 25-1 at 9, which is not excessive given the procedural history of this case. Furthermore, because the proposed award is less than the lodestar amount plus the costs associated with this case, the $1,500.00 in attorney's fees and costs is reasonable. The Court therefore approves $1,500.00 in attorney's fees and costs.

## IV.   RECOMMENDATIONS

Accordingly, I respectfully **RECOMMEND** the Court:

1.      **GRANT** the Joint Motion (Dkt. 28);

2.      **DISMISS** the case with prejudice; and

3.      **DIRECT** the Clerk to terminate any pending motions and deadlines and close the case.

### Notice to Parties

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within

14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**ENTERED** in Orlando, Florida, on May 14, 2026.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*


Copies to:

Hon. Carlos E. Mendoza

Counsel of Record